## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| AMERICAN SECURITY & AUDIO VIDEO SYSTEMS, INC., ET AL., | CASE NOS. 5:22-CV-00558-AMK 5:22-CV-1399-AMK |
| Plaintiff, | |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| PREP TMT, LLC, ET AL., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

Case Nos. 5:22-CV-558 and 5:22-CV-1399 (collectively the "Ohio Actions") have been consolidated pursuant to Federal Rule of Civil Procedure 42. The parties have consented to the jurisdiction of the undersigned Magistrate Judge. (22-CV-558, ECF Doc. 11; 22-CV-1399, ECF Doc. 15.) Before the Court is a Motion for Judgment on the Pleadings ("Motion") filed by defendants Prep TMT, LLC ("Prep"), Thomas Reed ("Mr. Reed"), and Matthew Prost ("Mr. Prost") (collectively "Defendants") in the Ohio Actions (22-CV-558, ECF Doc. 33),[1] and a Motion for Leave to Supplement the Pleadings ("Motion to Supplement") filed by Plaintiffs American Security & Audio Video Systems, Inc. ("ASAV") and Frank Baxter ("Mr. Baxter") (collectively "Plaintiffs") (ECF Doc. 41). Both motions are ripe for decision.

For the reasons set forth in further detail below, the Court DENIES Defendants' Motion in part and GRANTS it in part. Plaintiff Frank Baxter's claims in Counts 1-4 in the Removal Complaint (22-CV-1399, ECF Doc. 1-2) are DISMISSED with prejudice. Plaintiffs' Motion to Supplement is DENIED.

---

[1] Per the Court's April 14, 2023 Order consolidating the Ohio Actions, all filings after that date were filed in the lead case, 22-CV-558. For simplicity, unless otherwise noted, all citations to the record hereafter will be to the lead case.

# I.  Background

## A.  Procedural History

 Defendant Prep filed suit against plaintiff ASAV on March 16, 2022, in the Circuit Court of the County of St. Charles, Missouri, Associate Circuit Division, *Prep TMT, LLC v. American Security & Audio Video Systems, Inc., et al.*, Cause No. 2211-AC01260 (the "Missouri Action"). Prep asserted claims for breach of contract, quantum meruit, and unjust enrichment in connection with two subcontractor agreements.  (ECF Doc. 8-3, pp. 6-11; ECF Doc. 31-1, pp. 2, 5-7.)

Three weeks later, on April 7, 2022, ASAV filed the first action before this Court, a single claim for misappropriation of trade secrets in violation of 18 U.S.C. § 1831 et seq. against all Defendants (the "Federal Question Action").[2]  (ECF Doc. 1 ("Federal Question Compl.").) Defendants filed a Motion to Dismiss, Stay, or Transfer Venue on June 30, 2022.  (ECF Doc. 8.)

On July 1, 2022, ASAV and its president Mr. Baxter filed a separate suit in Summit County Court of Common Pleas, alleging breach of contract, tortious interference with contract, tortious interference with business relationship, and civil conspiracy to commit tortious interference, all in connection with the same subcontractor agreements at issue in the Missouri Action.  (22-CV-1399, ECF Doc. 1-2, pp. 3-27 ("Removal Compl.").)  The case was removed to this Court on August 8, 2022 (the "Removal Action").  (22-CV-1399, ECF Doc. 1.)  Defendants filed a Motion to Dismiss, Stay, or Transfer Venue in the Removal Action on August 15, 2022. (22-CV-1399, ECF Doc. 4.)

 On April 14, 2023, the Court issued a Memorandum Opinion and Order denying Defendants' Motions to Dismiss the Ohio Actions, finding abstention appropriate under the *Colorado River* doctrine, and staying the Ohio Actions pending resolution of the Missouri

---

[2] ASAV filed a Motion for Preliminary Injunction which was dismissed as moot on April 14, 2023.  (ECF Doc. 3.)

Action.  *Am. Sec. & Audio Video Sys., Inc. v. Prep TMT, LLC*, No. 5:22-CV-00558-AMK, 2023 WL 2956614, at *1 (N.D. Ohio Apr. 14, 2023) ("ASAV I"), (ECF Doc. 16).  The Court also ordered the parties to file a joint status report regarding disposition of the Missouri Action within 30 days of the conclusion of that action.

On August 28, 2024, the parties submitted a joint status report indicating that Prep had filed a Notice of Dismissal with prejudice in the Missouri Action pursuant to a settlement agreement, and that the Missouri court docket reflected the matter was dismissed as of July 18, 2024.  (ECF Doc. 28.)  The parties indicated that lifting of the stay was appropriate, but did not agree as to whether the Missouri Action resolved any claims in the Ohio Actions.  (*Id*. at p. 2.)

On October 7, 2024, Defendants filed Joint Answers to the complaints in the Ohio Actions, denying all the factual allegations and causes of action.  (ECF Docs. 31 ("Federal Question Answer"), 32 ("Removal Answer").)  That same day, Defendants filed the instant Motion.  (ECF Doc. 33.)  They argue that Plaintiffs' claims in the Ohio Actions are precluded because ASAV raised essentially the same claims as affirmative defenses in the Missouri Action, which was dismissed with prejudice.  (ECF Doc. 33, pp. 9-14.)  They also argue that Mr. Baxter lacks standing to sue in his individual capacity.  (*Id*. at pp. 14-15.)

Plaintiffs filed a brief in opposition on November 6, 2024.  (ECF Doc. 38.)  They respond that Prep filed the Missouri Action in the Associate Circuit Division of the St. Charles, Missouri Circuit Court, which does not have a compulsory counterclaim rule, and argue that Prep has cited no cases to support a finding that its unilateral dismissal of the Missouri Action bars Plaintiffs from asserting their pending claims.  (*Id*. at p. 1.)  Plaintiffs do not address Defendants' standing arguments as to Mr. Baxter.  Defendants filed a reply on November 18, 2024.  (ECF Doc. 39.)

3

After briefing on Defendants' Motion, Plaintiffs filed the Motion to Supplement on December 19, 2024.  (ECF Doc. 41.)  Defendants filed a brief in opposition.  (ECF Doc. 42.)

## B.      Factual Background

The Court incorporates by reference the detailed summary of the factual allegations from its prior decision.  *See* ASAV I, 2023 WL 2956614, at **2-4, ECF Doc. 16, pp. 3-7.

## II.      Motion for Judgment on the Pleadings

## A.      Standard of Review

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."  *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (internal citations omitted)).  Under Rule 12(b)(6), the Court may dismiss a claim when a party fails to plead facts on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The plaintiff is not required to include "detailed factual allegations," but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citation omitted).

This Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true."  *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (citation omitted).  However, while the Court "must accept all well-pleaded factual allegations in the complaint as true, [it] need not 'accept as true a legal conclusion couched as a factual

4

allegation.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

Although courts generally may not consider matters outside of the pleadings in deciding a motion for judgment on the pleadings under Rule 12, "federal courts may consider matters that are of public record or otherwise appropriate for taking judicial notice without converting a Rule 12(b)(6) motion to a Rule 56 motion." *Huff v. FirstEnergy Corp.*, 972 F. Supp. 2d 1018, 1028-29 (N.D. Ohio 2013) (citing *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003), *holding modified by Merck & Co. v. Reynolds*, 559 U.S. 633 (2010)); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999), *abrogated on other grounds, Swierkiewicz v. Sorema*, 534 U.S. 506, 510 n. 2 (2002)).

Here, Defendants invite the Court to consider certified copies of pleadings and other documents generated in the Missouri Action.  (ECF Docs. 31-1 (certified copies of pleadings and other filings from the Missouri Action); 31-2 (certified copy of docket in Missouri Action).)  The Court may take judicial notice of these documents without converting the Rule 12 motion into one for summary judgment.  *See Goodwin v. The Cnty. of Summit, Ohio*, No. 5:14-CV-121, 2016 WL 5118310, at *5 (N.D. Ohio Sept. 21, 2016), *aff'd sub nom. Goodwin v. Summit Cnty.*, 703 F. App'x 379 (6th Cir. 2017).  The Court takes judicial notice of the Missouri court records attached to Defendants' Answer in this case.  (ECF Docs. 31-1, 31-2.)

## B.    Dismissal is Not Warranted Under Missouri Supreme Court Rule 76.01

Defendants argue first that all of Plaintiffs' pending claims should be dismissed pursuant to principles of res judicata under Missouri Supreme Court Rule 67.01 ("Rule 67.01"), which they assert precludes Plaintiffs from prosecuting the pending claims because they mirror

affirmative defenses Plaintiffs raised in the Missouri Action, which has been dismissed with prejudice. (ECF Doc. 33, pp. 9-14.) Plaintiffs argue in response that res judicata principles under Rule 67.01 do not apply because Prep unilaterally dismissed its claims in the Missouri Action, and because the Missouri Action was filed in a court division where counterclaims are not required. (ECF Doc. 38, pp. 1-2.) Defendants in turn emphasize that Rule 67.01 was codified to bar re-litigation of issues raised in a suit that was dismissed with prejudice, even if that case was not decided on the merits. (ECF Doc. 39.)

It is undisputed that Missouri law applies to the res judicata issues presented in Defendants' Motion. *See Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) ("Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state.") (citing 28 U.S.C. § 1738); (ECF Doc. 38, p. 2).

Under Missouri law, "[r]es judicata, also known as claim preclusion, bars the reassertion of a claim or cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them." *Boehlein v. Crawford*, 605 S.W.3d 135, 139 (Mo. Ct. App. 2020) (citing *Dodson v. City of Wentzville*, 133 S.W.3d 528, 538 (Mo. Ct. App. 2004)). Res judicata applies only "if a final judgment on the merits has been rendered involving the same claim or issue sought to be precluded in the cause in question," *Dodson*, 133 S.W.3d at 538, but also applies to "every claim properly belonging to the subject matter of the litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *Boehlein*, 605 S.W.3d at 139 (citing *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. 1991)). "Thus, any claims that could have been raised by a prevailing party in the first action are merged into and barred by the first judgment." *Id.* (citing *Chesterfield Vill., Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. 2002)).

6

Here, Defendants do not argue that res judicata applies based on the entry of a final judgment on the merits.  Instead, they seek dismissal pursuant to Rule 67.01, which provides that "[a] dismissal with prejudice bars the assertion of the same cause of action or claim against the same party."  Mo. S. Ct. R. 67.01.  Missouri courts have explained that the relevant language was added to Rule 67.01 for the purpose of "extend[ing] res judicata principles to cases which [we]re dismissed with prejudice but where the merits were not reached."  *Boehlein*, 605 S.W.3d at 142 (citing *Williams v. Rape*, 990 S.W.2d 55, 61 (Mo. Ct. App. 1999) (citing *Vilsick v. Standard Insulations, Inc.*, 926 S.W.2d 499, 501 (Mo. Ct. App. 1996) ("[U]nlike the doctrine of res judicata, application of Rule 67.01 does not require a prior adjudication on the merits"))).  Thus, Defendants do not seek dismissal based on the doctrine of res judicata, but rather based on a Missouri rule that applies "res judicata principles."  *Id.*

The certified records for the Missouri Action attached to Defendants' Answer reflect that Plaintiffs did not assert any claims or counterclaims in that action.  (*See* ECF Docs. 32-1, 32-2.)  Nevertheless, as this Court previously observed:

> ASAV's affirmative defenses to the Missouri Action are premised on the same detailed factual allegations that form the bases for Plaintiffs' claims in both Ohio Actions. [] The affirmative defenses also parallel specific claims for relief asserted in the Ohio Actions.  For example, ASAV's defense that Prep's contract claims are barred "by Prep's duty to preserve trade secrets and confidential information" [] is parallel to both ASAV's claim for misappropriation of trade secrets in the Federal Question Action [] and Plaintiffs' claim in the Removal Action that Prep breached the subcontractor agreements "by, among other things, misusing ASAV's confidential, trade-secret information" [].  ASAV's defense that Prep's claims are also barred "by breach of contract" is likewise parallel to Plaintiffs' claim in the Removal Action that Prep breached the subcontractor agreements. [] All three actions thus revolve around the same agreements and factual allegations.

ASAV I, 2023 WL 2956614, at *12, ECF Doc. 16, pp. 24-25 (internal citations omitted).

In support of the present Motion, Defendants argue that the parallels between Plaintiffs' pending claims and their affirmative defenses in the now-dismissed Missouri Action support the

application of res judicata principles under Rule 67.01.  Plaintiffs respond that a dismissal on that basis would be inappropriate because: (1) counterclaims are not compulsory in the Missouri Associate Circuit Court where the Missouri Action was heard (ECF Doc. 38, p. 2-3); (2) Plaintiffs did not assert a claim or cause of action in the Missouri Action (*id.* at pp. 3-4); (3) Defendants have not presented authority to support the application of res judicata principles under Rule 67.01 in circumstances parallel to this case (*id.* at pp. 4-8); and (4) giving preclusive effect to a unilateral dismissal with prejudice would encourage gamesmanship (*id.* at pp. 8-9).

As to the first point, there is no dispute that counterclaims are not compulsory in the Missouri Associate Circuit Court.  *See Rahman v. Matador Villa Assocs.*, 821 S.W.2d 102 (Mo. 1991) (reversing dismissal based on failure to raise a counterclaim in an action before an associate circuit judge because the applicable rules do not require compulsory counterclaims); (ECF Doc. 31-1, p. 2 (heading showing filing in the Associate Circuit Division); ECF Doc. 33, p. 10, n. 2 (citing *Rahman*); ECF Doc. 38, pp. 2-3 (same)).  And as to the second point, it is undisputed that Plaintiffs did not assert claims or counterclaims in the Missouri Action, but did assert affirmative defenses supported by arguments that mirror the claims pending before this Court.  (*See* ECF Doc. 16, pp. 24-25; ECF Docs. 32-1, 32-2.)  Thus, the question becomes whether Missouri law requires the application of res judicata principles under Rule 67.01 to a defending party who did not—and was not required to—assert claims for relief in Missouri, where the prosecuting party voluntarily and unilaterally dismissed the action with prejudice.

Defendants' authority to unilaterally dismiss the Missouri Action was established by Missouri Supreme Court Rule 67.02 ("Rule 67.02"), which provides that "a civil action may be dismissed by the plaintiff without order of the court anytime" before the swearing of a jury or

introduction of evidence.  Mo. Sup. Ct. R. 67.02(a).[3]  Such dismissals are presumed to be

without prejudice "unless otherwise specified by the plaintiff," but may be made with prejudice.

Mo. Sup. Ct. R. 67.02(c).[4]  Here, the docket reflects that Prep voluntarily dismissed its claims

with prejudice.  (ECF Doc. 31-1, p. 56.)  The Notice of Dismissal only references "Plaintiff Prep

TMT, LLC" and "its claim," is signed only by Prep's attorney, and was clearly filed before the

introduction of evidence or swearing of a jury.  (*Id.*)  The dismissal was effective without a court

order, as evidenced by the fact that the docket reflects no judgment entry or order of the Missouri

court dismissing the case but simply a docket entry noting that case was dismissed.  (ECF Doc.

33-2, p. 2.)  Thus, it is evident that Prep dismissed the Missouri Action with prejudice under

Rule 67.02 of the Missouri Supreme Court Rules.  *See* Mo. Sup. Ct. R. 67.02.

Once a case has been dismissed under Rule 67.02, Missouri courts explain that "no action

of the trial court is necessary to effectuate the dismissal."  *Richman v. Coughlin*, 75 S.W.3d 334,

338 (Mo. Ct. App. 2002) (citing *Samland v. J. White Transp. Co.*, 675 S.W.2d 92, 96 (Mo. Ct.

App. 1984)).  In other words, once a voluntary dismissal has been filed, "nothing remains before

the court upon which it can act" and "[t]he legal situation is as though the suit had never been

brought."  *Richman*, 75 S.W.3d at 338 (quoting *Samland*, 675 S.W.2d at 96).  For example, an

interlocutory order of partial summary judgment has no res judicata effect in future actions if the

case is dismissed under Rule 67.02 before the entry of any judgment.  *See Patrico v. BJC Health

Sys.*, No. 4:19-CV-01665-SNLJ, 2019 WL 3947781, at *2 (E.D. Mo. Aug. 21, 2019) (citing *State

ex rel. Fortner v. Rolf*, 183 S.W.3d 249 (Mo. Ct. App. 2005) (collecting cases)).

---

[3] Except as provided in Rule 67.02(a) above, "an action shall not be dismissed at the plaintiff's instance except upon order of the court upon such terms and conditions as the court deems proper."  Mo. Sup. Ct. R. 67.02(b).

[4] Not relevant here, the second such dismissal is with prejudice absent certain steps.  Mo. Sup. Ct. R. 67.01(a)(2).

Without specifically discussing Rule 67.02, Defendants assert that their own unilateral dismissal of the Missouri Action has a preclusive effect on the claims pending before this Court because Plaintiffs asserted affirmative defenses in Missouri that parallel their present causes of action.  Consistent with Plaintiffs' third argument, the Court finds that Defendants have failed to identify persuasive authority under Missouri law to support a finding that Defendants' voluntary, unilateral dismissal of their Missouri complaint with prejudice under Rule 67.02 has a preclusive effect, under Rule 67.01, on future claims brought by an opposing party who did not—and was not required to—assert claims or counterclaims in the dismissed action.

In support of the present motion, Defendants rely first on a Missouri court's decision in *Williams v. Rape*, where the plaintiffs had sought to assert a prima facie tort claim arising from the same facts and circumstances as a contract claim they had dismissed with prejudice under Rule 67.02.[5]  *See* 990 S.W.2d at 56-57.  The plaintiffs recognized that Rule 67.01 barred them from asserting the same cause of action they had dismissed with prejudice under Rule 62.02 but argued that their tort claim was not the same cause of action as the dismissed contract claim.  *Id.* at 58.  The *Williams* court disagreed, observing that "res judicata principles are to be applied to dismissals under Rule 67.01 just as they are applied in cases decided under the common law doctrine itself."  *Id.* at 61 (emphasis removed).  Since the plaintiffs' tort claim in *Williams* was "based on the same facts and circumstances, and involve[d] the same parties and subject matter" as the prior suits, the court found the plaintiffs were barred under Rule 67.01 from "asserting the same cause of action, albeit under the rubric of a different legal theory."[6]  *Id.* at 61-62.

---

[5] Although the plaintiffs filed the relevant notice of dismissal "without prejudice" under Rule 67.02, they acknowledged and did not dispute the Court's finding that the effect of their dismissal was "with prejudice" because they had already dismissed the same contract claim without prejudice in a prior action.  *Williams*, 990 S.W.2d at 57.

[6] *Williams* was also decided under the doctrine of res judicata, based on findings in two additional court cases that followed the dismissal with prejudice under Rule 67.02.  In the first case, the court granted summary judgment for the defendants.  *Williams*, 990 S.W.2d at 57.  In the second, the court found that both the dismissal with prejudice in

While the Missouri court's holding in *Williams* may support a finding that Defendants are now precluded from asserting claims against Plaintiffs that arise from the same facts and circumstances as the claims they voluntarily dismissed with prejudice in the Missouri Action, Plaintiffs correctly point out that they did not assert, or dismiss with prejudice, any "causes of action" or "claims" (as contemplated in Rule 67.01) in the Missouri Action. (*See* ECF Doc. 38, pp. 3-4.) Defendants, while they do not dispute that Plaintiffs raised only affirmative defenses in the Missouri Action, refer to those defenses as "claims" and argue that res judicata "specifically applies to situations where a claim was raised as an affirmative defense in the first suit, and then is sought to be re-asserted as a cause of action in a later suit." (ECF Doc. 33, p. 13 (citing *Stadium Bank v. Milton*, 589 S.W.2d 338, 343 (Mo. Ct. App. 1979) and *Arata v. Monsanto Chem. Co.*, 351 S.W.2d 717, 722 (Mo. 1961)).) But the cases cited by Defendants in support of this proposed finding do not address unilateral dismissals with prejudice under Rule 67.02.

In *Stadium Bank v. Milton*, the court had entered a final judgment adverse to the defendants after they argued and presented evidence supporting their affirmative defense of fraud. 589 S.W.2d at 341. The *Milton* court found that the final judgment entered in that earlier case precluded the same defendants from later pursuing an affirmative cause of action that "merely iterate[d] the same fraud" and was based on contentions identical to those pleaded in defense of the prior action. *Id.* at 342. The court explained that "the public policy against proliferations of a cause of action inherent in the doctrine of res judicata bars a subsequent action for independent relief after a judgment in a prior action between the parties where the matter which forms the basis for relief was interposed as a defense." *Id.* at 345.

---

the second suit and the summary judgment in the third suit created "a *res judicata* bar against further actions." *Id.* Consistent with the findings in those two, prior decisions, the *Williams* court found the tort suit in the fifth action arose from the same transaction or series of transactions and was therefore barred by res judicata. *Id.* at 60-61.

Plaintiffs assert that Defendants' citation to *Milton* "fails to supply any meaningful analogy to the facts of this case because ASAV has not received an adverse ruling on any of its claims."  (ECF Doc. 38, p. 10.)  The Court agrees that *Milton* does not support Defendants' requested relief, since Defendant's voluntarily and unilaterally dismissed the Missouri Action without any judgment being entered as to the merits of ASAV's affirmative defenses.

Defendants' citation to *Arata v. Monsanto Chem. Co.*, does not change this analysis.  In *Arata*, a court had entered a judgement of condemnation finding a property was taken for public purposes.  351 S.W.2d at 720.  The property owners initially denied that the taking was for a public purpose and filed exceptions to a report fixing damages for the taking; but they later settled the dispute, entered a stipulated judgment for the taking of the land, and were paid pursuant to that judgment.  *Id.* at 720, 722.  The *Arata* court found the same property owners were precluded from bringing a later action asserting that their land was not taken for public purposes because "[t]he condemnation suit was the proper action in which to determine the question as to whether the highway commission was taking the land . . . for a public purpose," and the property owners "had their day in court on that issue and it was determined adversely to them."  *Id.* at 722.  Here, again, there has been no "day in court" where the merits of ASAV's affirmative defenses were considered, and the Missouri courts have not entered any final adverse findings regarding those defenses.  *Arata* is inapposite to the present case.

The same analysis applies to *Xiaoyan Gu v. Da Hua Hu*, 447 S.W.3d 680 (Mo. Ct. App. 2014), which—like other cases above—was decided under the doctrine of res judicata, not Rule 67.01.  *See* 447 S.W.3d at 687-88.  The court *Xiaoyan Gu* found res judicata precluded a defendant from raising a defense in a new action when the same defendant had previously failed to raise that defense in an earlier action involving the same set of facts and parties in privity.  *See*

*id.* at 687-92.  That is distinct from the present case, where the Missouri courts did not adjudicate or enter a final judgment on the merits relating to the relevant affirmative defenses.[7]

Although "res judicata principles" apply to Rule 67.01, *Boehlein*, 605 S.W.3d at 142, the rule is distinct from the doctrine of res judicata, which applies only "if a final judgment on the merits has been rendered involving the same claim or issue sought to be precluded in the cause in question," *Dodson*, 133 S.W.3d at 538.  While the res judicata effect of final judgments entered in *Milton*, *Arata*, and *Xiaoyan Gu* was found to extend to defenses decided on the merits, the language of Rule 67.01 does not suggest that an affirmative defense terminated via a voluntary dismissal by the opposing party under Rule 67.02 would have similar preclusive effect.[8]

Rule 67.01 simply provides that "[a] dismissal with prejudice bars the assertion of the same cause of action or claim against the same party."  Mo. S. Ct. R. 67.01.  Defendants have not identified legal authority to support a finding that an affirmative defense—which may be unilaterally terminated by an opposing party, without consent or any court action, via a Rule 67.02 dismissal—constitutes a "cause of action or claim" as contemplated in Rule 67.01.  As Plaintiffs point out, at least one Missouri court has held that a defense is not a "cause of action" as contemplated in an earlier iteration of Rule 67.01.  *See, e.g., Ste. Genevieve Cnty. v. Fox*, 688 S.W.2d 392, 395 (Mo. Ct. App. 1985) ("Defendants erroneously contend that plaintiff's defense of the counterclaim constitutes a cause of action—the same cause of action brought by plaintiff

---

[7] Defendants also cite to *Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machines Corp.*, 110 F.4th 106 (2d Cir. 2024), for the proposition that a state court dismissal can preclude other actions relating to the same transactions.  Not only was this case decided under federal and New York state law, it is another example of a case decided under the doctrine of res judicata after a state court entered a dismissal and judgment on the merits.  Like the Missouri state cases cited by Defendants, this decision does not address the application of "res judicata principles" under Rule 67.01 to a unilateral dismissal with prejudice under Rule 67.02.

[8] The decision in *Boehlein*, 605 S.W.3d 135, is also inapposite.  The parties in *Boehlein* jointly stipulated to the dismissal of the action pursuant to a settlement agreement, and final judgments were entered on the claims.  *Id.* at 137-39.  Here, the record is clear that Defendants unilaterally dismissed the Missouri Action, which was effective without any action being taken by the Missouri court.  (*See* ECF Doc. 31-1, p. 56; ECF Doc. 33-2, p. 2.)

13

in the original suit which was settled. . . . Plaintiff is not bringing 'a cause of action.' It is defending against an action. Consequently, res judicata does not bar plaintiff from defending against this action.")  This is consistent with the findings of other federal courts that "[a]n affirmative defense . . . is not a 'claim' for relief" but instead "'a defense to a claim for relief.'" *Driver v. Pro Ag Mgmt., Inc.*, 320 F. Supp. 3d 954, 955 (M.D. Tenn. 2018) (collecting cases). Defendants have therefore failed to show that the affirmative defenses asserted by ASAV in the Missouri Action, and later unilaterally terminated by Defendants through the filing of a dismissal with prejudice under Rule 67.02, amount to "cause[s] of action or claim[s]" that are subject to res judicata principles under Rule 67.01.

For all of the reasons set forth above, the Court finds Defendants have not met their burden to show that the claims pending before this Court are precluded by res judicata principles under Rule 67.01 following Defendants' unilateral dismissal of the Missouri Action under Rule 67.02.  Accordingly, Defendants' motion for judgment pursuant to Rule 67.01 is **DENIED**.

## C.    Frank Baxter Failed to State a Claim for Relief in the Removal Complaint

Defendants also argue that the claims asserted by ASAV president Frank Baxter in the Removal Action must be dismissed for lack of standing.  (ECF Docs. 33, 39.)  First, they argue that the breach of contract claim in Count One should be dismissed because Mr. Baxter was not a party to the relevant contracts, and does not have standing to sue on contracts entered by the business alone.  (ECF Doc. 33, p. 14.)  Second, they argue that the claims for tortious interference with contract, tortious interference with a business relationship, and civil conspiracy to commit tortious interference with a business relationship in Counts Two, Three, and Four should also be dismissed because the plain language of the Removal Complaint alleges only that ASAV contracted and had a business relationship with Bloom Medicinals, and does not allege

that Mr. Baxter had any such relationships.  (*Id.* at pp. 14-15.)  Defendants also argue that Plaintiffs' failure to address these arguments in their brief in opposition (*see* ECF Doc. 38), are an additional basis to grant the motion.  (ECF Doc. 39, p. 9.)

As an initial matter, Defendants are correct that Mr. Baxter waived opposition to the motion for judgment on the pleadings as to Counts One, Two, Three, and Four of the Removal Action when he failed to respond to the relevant arguments in his opposition brief.  *See, e.g., Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding a failure to oppose arguments raised in a motion to dismiss was grounds for the court to find opposition to the motion was waived); *see also Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (upholding district court's finding that plaintiff abandoned certain claims by failing to defend them in his brief in opposition to defendant's motion to dismiss) (citations omitted); *Ullmo v. Ohio Tpk. & Infrastructure Comm'n*, 126 F. Supp. 3d 910, 919 (N.D. Ohio 2015) (finding plaintiff abandoned claim when he failed to respond to defendant's motion to dismiss) (citing *Weatherby v. Fed. Express*, 454 F. App'x 480, 490 (6th Cir. 2012)).

Although Mr. Baxter's failure to oppose the motion is sufficient cause to grant the Motion, the Court will nevertheless briefly address the substance of the arguments.

### 1.    Count One – Breach of Contract

In Count One, Plaintiffs allege that Prep breached two subcontractor agreements entered between ASAV and Prep.  (*See* ECF Doc. 1-2, pp. 9, 17, ¶¶ 36-42, 95-99.)  The agreements are attached to the Removal Complaint and reflect that they were signed by Mr. Baxter in his capacity as president of ASAV, not as an individual.  (*Id.* at pp. 22-27.)  Defendants thus argue that Mr. Baxter's breach of contract claim should be dismissed because he was not a party to the contracts and therefore does not have standing to sue in his individual capacity.

15

"Under Ohio law, a breach-of-contract claim may be brought only by a party to the contract or an intended third-party beneficiary."[9] *B. & V. Distributing Co.*, 278 F. App'x at 484 (citing *Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 160 (1991)); *see also Cook v. Ohio Nat'l Life Ins. Co.*, 961 F.3d 850, 855 (6th Cir. 2020) ("The Ohio Supreme Court has held that only intended third-party beneficiaries may assert rights to contracts to which they are not party.") (citing *TRINOVA Corp. v. Pilkington Bros., P.L.C.*, 70 Ohio St. 3d 271, 277, *order clarified,* 71 Ohio St. 3d 1202 (1994)). In distinguishing between an "intended" third party beneficiary and a "merely incidental" third party beneficiary, the Supreme Court of Ohio explains that "there must be evidence that the contract was intended to directly benefit that third party." *Cook*, 961 F.3d at 856 (quoting *Huff v. FirstEnergy Corp.*, 130 Ohio St.3d 196, 199 (2011)). Alternately, some courts have allowed individual recovery "in cases where '[a] complaining shareholder is injured in a way that is separate and distinct from [the] injury to the corporation.'" *B. & V. Distrib. Co.*, 278 F. App'x at 485-86 (quoting *Crosby v. Beam*, 47 Ohio St.3d 105, 107 (1989)).

The viability of Mr. Baxter's claim in Count One therefore turns on whether his factual allegations support a finding that he was a party or intended third-party beneficiary to the contracts, or whether he suffered a separate injury that was not simply derivative of any injury to ASAV. Mr. Baxter's allegations do not support any such findings. First, he has not alleged that he is a party to the relevant agreements, alleging instead that the contracts were between ASAV and Prep. (*See* ECF Doc. 1-2, p. 17, ¶¶ 95-99.) Second, he has not identified factual allegations or contract terms to support a finding that he was an intended third-party beneficiary to the

---

[9] This is consistent with "the 'well-settled' general rule, recognized in Ohio and elsewhere, that 'only a corporation and not its shareholders can complain of an injury sustained by, or a wrong done to, the corporation.'" *B. & V. Distrib. Co.*, 278 F. App'x at 485 (quoting *Adair v. Wozniak*, 23 Ohio St.3d 174, 175 (1986)).

subcontractor agreements; this Court's independent review also does not reveal language to support such a finding.  Third, he has not identified allegations or presented argument to demonstrate that he suffered injuries separate and distinct from any injury to ASAV.

The Court finds that Mr. Baxter has failed to state a claim upon which relief may be granted in Count One of the Removal Complaint because neither the factual allegations nor the terms of the relevant agreements support a finding that he has standing to maintain a breach of contract claim against Prep.

### 2.    Counts Two, Three, and Four – Tortious Interference

The Court turns next to Mr. Baxter's tortious interference claims in Counts Two, Three, and Four.  In support of the tortious interference with contract claim in Count Two, Plaintiffs allege that "[a] contract existed between Plaintiffs and Bloom regarding work to be performed at various Bloom facilities" and that Defendants sought to interfere with the contractual relationship.  (ECF Doc. 2-1, pp. 17-18, ¶¶ 100-08.)  In support of the tortious interference with business relationship claim in Count Three, Plaintiffs allege similarly that "an ongoing business relationship existed between Plaintiffs and Bloom," and that Defendants sought to interfere with that relationship.  (*Id.*, pp. 18-19, ¶¶ 109-18.)  In support of the civil conspiracy to commit tortious interference claim in Ground Four, Plaintiffs allege that Mr. Reed and Mr. Prost "entered into an agreement, plan, and scheme by which they sought to tortiously interfere with Plaintiffs' business relationship with Bloom[.]"  (*Id.*, p. 20, ¶¶ 119-23.)

Defendants argue that the factual allegations in the Removal Complaint are inadequate to support Mr. Baxter's tortious interference claims because "the averments in the pleadings allege it was ASAV, not Mr. Baxter, who purportedly contracted with and had a business relationship with Bloom."  (*See* ECF Doc. 33, pp. 14-15 (citing ECF Doc. 2-1, ¶¶ 25, 27-30, 82, 89-90, 92).)  Consistent with this argument, the factual allegations highlighted by Defendants do indicate that

17

Bloom was "[o]ne of ASAV's customers" (ECF Doc. 2-1, p. 7, ¶ 25), that Bloom "hired ASAV to install ASAV's proprietary systems" (*id.*, ¶ 27), that "ASAV and Bloom had an ongoing business relationship" and "repeatedly communicated about future projects" (*id.*, p. 8, ¶ 28), that "Bloom's representatives expressed that Bloom planned to use ASAV to perform additional work at its other Missouri facilities" (*id.*, ¶ 30), and that Bloom was one of "ASAV's customers" (*id.*, pp. 15-16, ¶¶ 82, 90, 92).  These factual allegations indicate that the contracts and business relationships at issue were between ASAV and Bloom alone.  Mr. Baxter has not identified any additional allegations to support a finding that he entered independent contracts or business relationships with Bloom, outside of his involvement in a representative capacity as ASAV's president, and the Court is not aware of any such allegations.  Mr. Baxter also has not identified any allegations to support a finding that he suffered individual damages as a result of the tortious interference, beyond damages that are derivative of injuries suffered by the corporation.

"In order to prove a claim of tortious interference with contractual relationships under Ohio law, one must show '(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages.'"  *Georgia-Pac. Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1102 (6th Cir. 2012) (quoting *Miami Valley Mobile Health Servs., Inc. v. ExamOne Worldwide, Inc.*, 852 F. Supp. 2d 925, 942 (S.D. Ohio 2012) (quoting *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St. 3d 415, 419 (1995))).  "The elements of a claim for tortious interference with business relationships are almost identical, the main distinction being 'that interference with a business relationship includes intentional interference with prospective contractual relations, not yet reduced to a contract.'"  *Id.* (quoting *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 148 Ohio App. 3d 596, 604 (2002)).

18

"Under traditional standing principles, a plaintiff must show, at a minimum, that he has suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *State ex rel. Walgate v. Kasich*, 147 Ohio St. 3d 1, 7, (2016) (internal quotation marks and citations omitted).

Although the conclusory allegations in Mr. Baxter's three tortious interference claims state that the relevant contracts and business relationships were between "Plaintiffs" and Bloom (ECF Doc. 2-1, pp. 17-20, ¶¶ 100-23), the actual factual allegations in the Removal Complaint reflect instead that the contracts and business relationships were between ASAV and Bloom, without reference to any contracts or relationships involving Mr. Baxter in his individual capacity (*see, e.g., id*. at ¶¶ 25, 27-30, 82, 89-90, and 92). Further, no allegations have been identified to support a finding that Mr. Baxter personally suffered an injury as a result of the alleged tortious interference, beyond any derivative injury stemming from harm to ASAV.

While this Court "must accept all well-pleaded factual allegations in the complaint as true, [it] need not 'accept as true a legal conclusion couched as a factual allegation.'" *Hensley Mfg.*, 579 F.3d at 609 (quoting *Twombly*, 550 U.S. at 555). The conclusory allegations regarding unspecified contracts and business relationships between "Plaintiffs" and Bloom are insufficient to support Mr. Baxter's personal claims for tortious interference, when the specific factual allegations indicate only that ASAV entered into contracts and relationships with Bloom, and additionally do not support a finding that Mr. Baxter suffered any injury independent of ASAV.

The Court finds Mr. Baxter has failed to state a claim upon which relief may be granted in Counts Two, Three, and Four of the Removal Complaint, since no factual allegations have been identified to support a finding that Mr. Baxter personally entered into a contractual or business relationship with Bloom, as necessary to support his tortious interference claims.

19

For all of the reasons set forth above, the Court finds that Defendants have met their burden to show that Mr. Baxter failed to state a claim upon which relief may be granted in the Removal Action.  Accordingly, Defendants' motion for judgment as to Mr. Baxter's claims in Counts One, Two, Three, and Four of the Removal Complaint is **GRANTED**.

### III.    Motion to Supplement the Pleadings

Also pending is Plaintiffs' motion for leave to supplement the pleadings to include the parties' settlement agreement in the Missouri Action.  (ECF Doc. 41.)  Plaintiffs argue that supplementation is appropriate because Defendants' motion for judgment on the pleadings relies on their voluntary dismissal in the Missouri Action but does not acknowledge the underlying settlement agreement between the parties, which "contained a carve-out that expressly reserved ASAV's right to pursue its claims pending in this Court."  (*Id.* at 3; ECF Doc. 41-1, p. 2, ¶ 4.)  Plaintiffs ask that the court "take the settlement under advisement while considering Prep's Rule 12 motion for judgment on the pleadings.  (ECF Doc. 41, p. 9.)  In making this request, they indicate that they do not believe Defendants can prevail on the Rule 12 motion "even without the settlement agreement," but explain that they are seeking to supplement the pleadings "out of an abundance of caution."  (*Id.* at p. 3.)  Defendants oppose the motion, arguing that it is "in effect, a sur-reply on the motion for judgment on the pleadings," and is futile.  (ECF Doc. 42.)

Federal Civil Rule 15(d) provides a party may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  The same standard applies to motions for leave to amend under Rule 15(a) and motions to supplement under Rule 15(d).  *See Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (collecting cases showing the same factors are to be considered on motions to amend and supplement)).  "A

motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).  "A proposed amendment is 'futile' if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

In Section II.B., *supra*, the Court found Defendants have failed to show that Plaintiffs' pending claims are precluded by res judicata principles and accordingly denied Defendants' motion for judgement on the pleadings on this basis.  In making that determination, it was not necessary for the Court to consider the settlement agreement underlying the dismissal of the Missouri Action.  Further, the settlement agreement does not appear to relate to the claims set forth in the Federal Question Complaint or the Removal Complaint and does not appear to shed light on Plaintiff's entitlement to relief on those claims.  As the Court decided Defendants' Motion without reference to the settlement agreement, and as the document does not appear pertinent to the legal claims currently pending before this Court, the Court finds supplementation would be futile and accordingly **DENIES** the Motion to Supplement.

## IV.    Conclusion

For the reasons outlined above, Defendants' Motion for Judgment on the Pleadings is GRANTED in part and DENIED in part.  Defendant's motion for judgment on the pleadings as to all claims in the Ohio Action based on principles of res judicata is **DENIED**.  Defendants' motion for judgment on the pleadings as to Mr. Baxter's claims in Counts One, Two, Three, and Four in the Removal Action is **GRANTED**.  Plaintiff Frank Baxter's claims in Counts 1-4 in the Removal Complaint (22-CV-1399, ECF Doc. 1-2) are accordingly **DISMISSED** with prejudice. Plaintiffs' Motion to Supplement the Pleadings is **DENIED**.


September 11, 2025


*/s/Amanda M. Knapp*
AMANDA M. KNAPP
United States Magistrate Judge