IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMERICAN SECURITY & AUDIO VIDEO SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PREP TMT, LLC, et al.,<br><br>　　　　Defendants. | CASE NO. 5:22-cv-00558<br>　　　　　　5:22-cv-01399<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br><u>ORDER</u> |

　　　　Case Nos. 5:22-CV-558 and 5:22-CV-1399 have been consolidated pursuant to Federal Rule of Civil Procedure 42.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge.  (22-CV-558, ECF Doc. 11; 22-CV-1399, ECF Doc. 15.)  At issue is a discovery dispute regarding Defendants Prep TMT, LLC ("Prep"), Thomas Reed, and Matthew Prost's (collectively "Defendants") requests for information and documents relating to Plaintiff's claimed damages, specifically lost profits.  Plaintiff American Security & Audio Video Systems, Inc. ("ASAV") has objected to the requests, and Defendants now seek to compel production of the requested responses and documents and to exclude evidence regarding one category of ASAV's claimed damages.  For the reasons set forth herein, the Court **GRANTS** Defendants' requests to compel production documents, **DENIES** Defendants' request for discovery sanctions, and **GRANTS in part** and **DENIES in part** Defendants' request to extend case deadlines.

　　　　　　　　　　　　　　**I.**　　**Background**

　　　　On April 7, 2022, ASAV filed the first action before this Court, a single claim for misappropriation of trade secrets in violation of 18 U.S.C. § 1831 et seq. against all Defendants

1

(the "Federal Question Action").  (ECF Doc. 1 ("Federal Question Compl.").)  On July 1, 2022, ASAV and its president Mr. Baxter[1] filed a separate suit in Summit County Court of Common Pleas, alleging breach of contract, tortious interference with contract, tortious interference with business relationship, and civil conspiracy to commit tortious interference, all in connection with two subcontractor agreements between Prep and ASAV.  (22-CV-1399, ECF Doc. 1-2, pp. 3-27 ("Removal Compl.").)  The case was removed to this Court on August 8, 2022 (the "Removal Action").  (22-CV-1399, ECF Doc. 1.)

The Court incorporates by reference the detailed summary of the factual allegations from its prior decision on Defendants' Motion to Dismiss.  *See Am. Sec. & Audio Video Sys., Inc. v. Prep TMT, LLC*, No. 5:22-CV-00558-AMK, 2023 WL 2956614, at *1 (N.D. Ohio Apr. 14, 2023), ECF Doc. 16, pp. 3-7.  Most relevant here, ASAV alleges that Prep's actions interfered with their business relationship with their client, Bloom Medicinals ("Bloom"), and caused them to lose future installation projects with Bloom in Missouri.  (Removal Compl., pp. 16-17, ¶¶ 100-18.)  The discovery disputes at issue revolve around ASAV's claims for compensatory damages, including lost profits, from the lost Missouri jobs.  (*Id.* at pp. 16-17, ¶¶ 108, 118.)

The parties have met and conferred regarding various discovery disputes but have reached an impasse regarding Defendants' requests for the production of information and documents related to ASAV's damages and lost profits claims.  After a joint September 24, 2025, email notice of discovery dispute, the parties were instructed to submit letter briefs setting forth their respective positions.  The parties filed their letter briefs (ECF Docs. 64, 65), and the matter is now ripe for determination.  Per the Court's June 13 and September 8, 2025 orders extending discovery deadlines, fact discovery closed on September 19, 2025, expert discovery

---

[1] The Court dismissed all claims brought by Mr. Baxter in his individual capacity in its Memorandum Opinion and Order denying in part and granting in part Defendants' Motion for Judgement on the Pleadings.  (ECF Doc. 63.)

2

closes November 21, 2025, and dispositive motions are due December 22, 2025. Defendants' unopposed motion to stay the October 22, 2025 deadline for their expert disclosures (ECF Doc. 66) was granted pending the Court's resolution of this pending discovery dispute.

## II.  Discussion

Defendants ask the Court to compel ASAV to produce: (1) annual financial statements and tax returns from 2019 to 2025, including its most recent interim financial statements for 2025 (ECF Doc. 64, pp. 1-4); and (2) job costing spreadsheets and quotes for specified jobs that ASAV contracted to perform for Bloom in Ohio (*id.* at pp. 7-9). Defendants also ask the Court to: prohibit ASAV from seeking damages related to lost profits on monitoring agreements as a sanction for failing to provide a computation of damages and underlying documentation for the alleged lost profits (*id.* at pp. 6-7); and extend current discovery and dispositive motion deadlines if further document production is ordered (*id.* at p. 9). ASAV objects to the requests relating to discovery and damages but not the request for extended deadlines. (ECF Doc. 65.)

**A.  General Discovery Standards**

As a general matter, "the scope of discovery is within the sound discretion of the trial court." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). The Federal Rules of Civil Procedure generally permit a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." *See* Fed. R. Civ. P. 26(b)(1). "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "However, district courts have discretion to limit the scope of discovery where the information sought is

3

overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)).

"The moving party bears the burden of demonstrating relevance" in a motion to compel discovery, but "[i]f the movant makes this showing, then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *White v. City of Cleveland*, 417 F. Supp. 3d 896, 902 (N.D. Ohio 2019) (internal citations and quotation marks omitted).

**B.     Request to Compel Production of Financial Statements and Tax Returns**

Defendants first ask the Court to compel production of ASAV's annual financial statements and tax returns for 2019 through 2025, including the most recent interim financial statements for 2025, under Defendants' First and Second Requests for Production of Documents. (ECF Doc. 64, p. 4.)  They contend that the documents are relevant and discoverable because they will allow defense experts to test ASAV's damages claims, particularly its anticipated 36% to 78% profit margins on the Missouri jobs ASAV allegedly lost due to Prep's misconduct. (*Id.* at pp. 2-3.)  In support, Defendants assert that ASAV failed to produce the specific underlying documentation that would be necessary to support and allow testing of the damage calculations set forth in ASAV's lost profits spreadsheet and job costing spreadsheets. (*Id.* at p. 2.)

Defendants assert that ASAV's "detailed financial statements and tax returns . . . , particularly its detailed income statements," report its "actual expenses incurred for all of its costs, including costs of sales and operating expenses" for the period during which ASAV is claiming lost profits, and that the information in those documents will allow Defendants' experts to analyze both the *types* of expenses ASAV incurred to generate sales and the *amount* of expenses incurred, including total amounts and percentage of sales. (ECF Doc. 64, p. 3.)  With this information, Defendants assert that they will be able to, for example: (1) compare reported

4

expenses in the financial statements and tax returns with expenses noted in the job costing spreadsheets "to see if the necessary expenses have been included and at the appropriate dollar amounts" and assess the reliability of the numbers in the spreadsheets; (2) test the percentages used in the job costing spreadsheets, like ASAV's calculation of overhead expenses based on a percentage of parts and labor in the job costing sheet; (3) test alleged lost profit percentages by comparing those percentages to "overall profitability for all jobs/revenue being reported for a specific time period"; (4) analyze consistencies or inconsistencies in ASAV's reported expenses and "trends in the level (dollar amount or percentage of revenue) of expenses from period to period"; and (4) test the testimony of ASAV's president that claimed profit margins for alleged lost work are similar to ASAV's profit margins for other commercial installation jobs. (*Id.* at pp. 3-4.) Defendants also explain that the IRS forms included with tax returns typically contain more details than financial statements, making it "helpful to have copies of both the detailed financial statements and the annual tax returns in order to determine which document provides the best level of detail for various reported items." (*Id.* at p. 4.)

In response, ASAV asserts the annual financial statements and tax returns are not relevant or proportional because those documents aggregate all business activity and cannot corroborate specific costs or profit margins for the Missouri jobs that ASAV allegedly lost. (ECF Doc. 65, pp. 1-4.) More specifically, ASAV asserts that the financial statements and tax returns "would only yield *general* financial information about ASAV's 'total' costs and expenses 'over a particular period' (i.e., without regard for any specific customers or jobs)." (ECF Doc. 65, p. 2 (emphasis in original).) In other words, ASAV argues the tax and financial documents are not responsive to "Prep's request for underlying source documents" for the damages claim because they "do not provide customer specific breakdowns of cost, labor, and equipment for any of

5

ASAV's specific jobs," but instead "a general line-item listing of ASAV's *total* costs and expenses for all of its operations in a given period."[2] (*Id.* at pp. 2-3 (emphasis in original).) ASAV argues this general information would not allow Defendants to "'test' ASAV's damage claim by comparing ASAV's total costs and expenses for any given year to the specific costs and expenses relating to one customer or one job" because "ASAV provides both commercial and residential security services to a wide range of customers with varying needs." (*Id.* at p. 4.) ASAV also asserts that it has produced all relevant documents in its possession which relate specifically to its claims for the costs and potential profits of the lost jobs. (*Id.* at pp. 5-6.)

"The test to determine whether discovery on a particular matter is permissible is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Martinez v. McGraw*, 581 F. App'x 512, 517 (6th Cir. 2014) (citing *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 982 (6th Cir. 2003)). Defendants are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and the materials "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). While the scope of discovery "is traditionally quite broad," *Lewis*, 135 F.3d at 402, courts may "limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce," *Surles*, 474 F.3d at 305.

Here, ASAV does not argue or present information to support a finding that the financial statements and tax filings sought by Defendants are protected by privilege or that their

---

[2] ASAV further asserts that "truly corroborat[ing]" the source of its costs and expenses for a specific customer or project would require a "complete audit of all business costs, expenses, and profits" and reconciliation of each specific transaction with each specific customer with ASAV's general figures. (ECF Doc. 65, p. 3.) It argues further that "[s]uch a reconciliation would require the disclosure of all of ASAV's customers and contractors for each of its business projects to a competitor that has already stole[n] one of its customers[.]" (*Id.*) These arguments need not be addressed herein, since Defendants are not requesting—nor does ASAV assert that Defendants are seeking—a "complete audit" as described or the disclosure of "all of ASAV's customers and contractors." (*Id.*)

6

production would be unduly burdensome, but focuses instead on arguments that the documents are irrelevant and the requests for production overly broad.  Still, given the type of documents sought, the Court observes that tax returns and other financial records "are not 'confidential' in the legal sense" and enjoy "no special privilege from disclosure." *DeMarco v. C & L Masonry, Inc.*, 891 F.2d 1236, 1240 (6th Cir. 1989) (citing *Credit Life Insurance Co. v. Uniworld Insurance Co.*, 94 F.R.D. 113 (S.D. Ohio 1982)).  Nevertheless, with respect to tax returns, some courts follow a rule from *In re Dayco Corp.*, 99 F.R.D. 616 (S.D. Ohio 1983), which "allows disclosure of tax returns if (1) the tax returns are significantly relevant to issues in the case, or (2) there are other reasons justifying disclosure of tax returns." *Furth v. Zanic*, No. 1:06CV411, 2008 WL 11380207, at *3 (N.D. Ohio Oct. 15, 2008) (citing *In re Dayco Corp.*, 99 F.R.D. at 625); *see, e.g., Mitchell v. Unum Life Ins. Co. of Am.*, No. 2:21-CV-3888, 2022 WL 2306862, at *5 (S.D. Ohio June 27, 2022) (citing *Furth*, 2008 WL 11380207, at *3).

> The "significantly relevant" inquiry prevents tax returns from being disclosed simply because they might be tangentially related to a party's claim or defense; however, the second condition allows courts leeway to allow discovery of tax returns if they are not "significantly relevant" to issues in the case but there are other compelling reasons for their disclosure (for example, if tax returns are the only means by which a party may be able to find evidence supporting its claim).

*Furth*, 2008 WL 11380207, at *3.  Other courts have limited their analysis to whether the tax return records are relevant under Federal Rule of Civil Procedure 26(b)(1).  *See, e.g., Kumar v. Hilton Hotels* Corp., No. 08-2689 D/P, 2009 WL 3681837, at *3 (W.D. Tenn. Oct. 30, 2009).

In this case, the Court finds Defendants have met their burden to show that the requested financial statements and tax returns are both nonprivileged and appropriately relevant to ASAV's claims for damages based on alleged lost profits.  Defendants have highlighted significant gaps in the supporting documentation ASAV provided to substantiate its claims for lost profit damages in excess of $300,000, and have outlined specific ways the information contained in the

financial statements and tax return documents may aid Defendants in testing any unsubstantiated or speculative assumptions in ASAV's lost profit calculations. As the Sixth Circuit explained in *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357 (6th Cir. 2010), Rule 26 does not only require plaintiffs to disclose "enough evidence to put [defendants] on notice of the lost-profits claim," but rather "requires documents 'on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Bessemer*, 596 F.3d at 369 (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii)). Given ASAV's limited production of project- or client-specific materials to substantiate their lost profit calculations, their financial statements and tax returns are an appropriate alternative avenue for Defendants to test ASAV's calculations. ASAV's general assertions that the requested documents will provide information that is too general to be helpful are inadequate to excuse their compliance with the requested production, given Defendants' specific examples of how the documents may be helpful and ASAV's additional failure to argue or demonstrate that it will suffer an undue burden or particular harm if the requested document production is ordered.

      Defendants' citation to *Champion Foodservice, LLC v. Vista Food Exchange, Inc.*, No. 1:13-cv-1195, 2016 WL 4468000 (N.D. Ohio Aug. 23, 2016), supports this finding. The court in *Champion* found general financial statements relevant to a lost profits claim, and concluded that the plaintiff's failure to produce the statements prevented the defendants from independently analyzing their lost profit claim. 2016 WL 4468000, at *11. In doing so, the court rejected the plaintiff's argument—similar to ASAV's in this case—that the financial records were not relevant because the damages were based on single contracts and the financial statements at issue covered an entire year. 2016 WL 4468000, at *11, n. 29; (*see* ECF Doc. 65, pp. 2-5.)

8

For all the reasons set forth above, the Court finds Defendants have met their burden to show that the requests for production of ASAV's financial statements and tax returns are relevant to ASAV's damages claim under Rule 26(b)(1) and not disproportionate to the needs of the case. Accordingly, the Court **GRANTS** Defendants' request to compel production of ASAV's financial statements and tax returns from 2019 to the present, including the most recent interim financial statements from 2025.  ASAV is **ORDERED** to produce the documents within 21 days of this Order, on or before November 17, 2025.

**C.     Request to Compel Production of ASAV's Quotes and Job Costing Spreadsheets for Bloom Jobs in Ohio**

Defendants also ask the Court to compel the production of quotes and job costing spreadsheets for the jobs ASAV performed for Bloom in Ohio between January 2019 and May 2021, specifically the jobs where ASAV installed systems at Bloom's Columbus, Maumee, Painesville, and Seven Mile dispensaries.  (ECF Doc. 64, pp. 7-8.)  ASAV maintains that the quotes and job costing spreadsheets for jobs outside of Missouri are irrelevant to projecting ASAV's lost profits on the Missouri projects.  (ECF Doc. 65, pp. 8-9.)  ASAV also argues that Defendants waived the right to request information relating to the Ohio jobs because they did not request that information until the last day of fact discovery.  (*Id.* at p. 7.)

As with the financial documents discussed above, ASAV does not argue or present information to support a finding that it would be unduly burdensome for ASAV to produce the requested quotes or spreadsheets, instead focusing on assertions that the documents have little probative value in connection with ASAV's lost profit calculations.  Specifically, ASAV argues that its projected damages are based on actual costs of parts, projected labor hours, and labor costs, and that any similarity or dissimilarity of profit margins with other projects is irrelevant. (*Id.* at pp. 8-9.)  But Defendants assert, and ASAV does not dispute, that ASAV's president

9

testified at his deposition that the projected lost profit margins for the Missouri jobs were calculated based on quotes and job costing spreadsheets for other jobs ASAV performed for Bloom, and that the projected profit margins were similar to ASAV's profit margins in other commercial jobs.  (ECF Doc. 64, p. 8.)  Faced with a similar circumstance—where a plaintiff argued that the profitability of an earlier project was irrelevant to the projected profitability of a future project—the court in *Champion Foodservice* found the similarities between the projects "and the liberal construction of discovery under Rule 26" made discovery regarding the earlier project "clearly relevant" to the lost profit analysis.  2016 WL 4468000, at *10.

Here too, where ASAV seeks lost profits for jobs it did not perform based on projected profit margins, Defendants' requests for discovery regarding the costs, revenue, and profit margins for other jobs ASAV performed for Bloom is clearly relevant to an evaluation of ASAV's lost profit calculations.  This is particularly true given reported testimony from ASAV's own representative that the projections were calculated based on quotes and spreadsheets for other Bloom jobs, and that the projected profit margins were similar to the profit margins in other jobs.  The requested discovery regarding the Ohio jobs is relevant because it provides an avenue for Defendants to "verify or test" elements of speculative, projected damages that otherwise lack complete supporting documentation to allow an independent analysis of the projected lost profit calculations.  *See Champion Foodservice*, 2016 WL 4468000, at *11.

ASAV's observation that Defendants failed to identify the relevant deficiency until the last day of fact discovery does not change this analysis.  (ECF Doc. 65, p. 8.)  Defendants assert, and ASAV does not dispute, that ASAV's responses to Defendants' Second Requests for Production of Documents were not produced until the last day of discovery.  (ECF Doc. 64, p. 8.)  As a general matter, the date on which discovery responses are received is an appropriate day to

identify deficiencies in those responses.  Certainly, ASAV has provided no authority to support a finding that Defendants waived their right to raise the dispute in those circumstances.[3]

For all the reasons set forth above, the undersigned finds Defendants have met their burden to show that the requests for production of ASAV's quotes and job costing spreadsheets for its jobs with Bloom in Ohio are relevant to ASAV's damages claim under Rule 26(b)(1).  Accordingly, the Court **GRANTS** Defendants' request to compel production of quotes and job-costing spreadsheets for the jobs ASAV performed for Bloom in Ohio between January 2019 and May 2021, specifically the jobs where ASAV installed systems at Bloom's Columbus, Maumee, Painesville, and Seven Mile.  ASAV is **ORDERED** to produce the documents within 21 days of this Order, on or before November 17, 2025.

**D.**     **Request for Exclusion of Certain Evidence Under Rule 37(c) is Premature**

In addition to seeking production of the documents discussed above, Defendants assert that ASAV has failed to provide the computations and discovery necessary to support its newly-disclosed lost profits claim based on discontinued monitoring contracts with Bloom, and ask that ASAV be prohibited from seeking damages for the lost monitoring contracts under Federal Rule of Civil Procedure 37(c).  (ECF Doc. 64, pp. 4-7.)  ASAV responds that it has provided sufficient documentation to support its claim for lost monitoring fees.  (ECF Doc. 65, pp. 6-8.)

The Court declines to reach the merits of Defendants' Rule 37(c) request at this time.  The matter currently before the court is a discovery dispute that was informally brought to the Court's attention in keeping with Local Rule 37.1 and this Court's scheduling order.  (*See* ECF Doc. 37, pp. 3-4.)  The parties were permitted to file letter briefs outlining their positions

---

[3] During the drawn-out discovery process in this case, it is observed that Defendants repeatedly requested all documents related to jobs ASAV performed for Bloom and all documents relevant to computation of damages. (*See, e.g.,* ECF Doc. 46, pp. 2-3; ECF Doc. 53, p. 3.)

11

regarding the dispute.  (*See* Non-Document Order dated September 25, 2025.)  Defendants' request under Rule 37(c) does not seek resolution of a discovery dispute, but rather asks this Court to impose a discovery sanction under Federal Rule of Civil Procedure 37(c) for failure to comply with discovery obligations under Rule 26(a).  The present informal process is not the appropriate forum for such a request.  Accordingly, Defendants' informal request for discovery sanctions pursuant to Rule 37(c) is **DENIED**.[4]

### E.    Request for Extension of Upcoming Case Deadlines

In the event that the Court compels further document production, Defendants also ask the Court to extend remaining expert discovery deadlines by 45 days from the date any further documents are produced, so that Defendants' expert will have adequate time to review those documents before preparing Defendants' expert report.  (ECF Doc. 64, p. 9.)  ASAV has not opposed this request, and did not oppose Defendants' subsequent request to stay the October 22, 2025 deadline for submission of Defendants' expert report.

Having found good cause to support a limited extension of time to accommodate expert discovery, given the deficiencies in ASAV's document production discussed above, the Court **GRANTS** the request for extension in part.  ASAV has been ordered to produce additional documents on or before November 17, 2025.  The deadline for parties without the burden of proof on a claim or defense to disclose expert reports is accordingly extended to December 22, 2025, and the deadline to complete expert discovery is extended to January 26, 2026.  However, because the outstanding discovery pertains to damages and not liability, the request to extend the

---

[4] The parties are reminded that that motions to compel discovery, for a protective order, or for sanctions may only be filed in compliance with this Court's case management plan order, the Local Rules, and applicable Federal Rules.  Accordingly, to the extent that Defendants determine at some point that they would like to formally seek discovery sanctions against ASAV under Rule 37(c), they are reminded that the Court's case management plan order does not permit the filing of a motion for sanctions without explicit permission from the Court.  (See ECF Doc. 37, p. 4.)

deadline to file dispositive motions is **DENIED**.  The deadline for filing dispositive motions remains December 22, 2025.  Absent extraordinary circumstances, no further requests for the extension of deadlines will be granted.

### III.     Conclusion

For the reasons set forth above, the Court **GRANTS** Defendants' request to compel the production of: (1) ASAV's annual financial statements and tax returns from 2019 through 2025, including the most recent interim financial statement from 2025; and (2) quotes and job costing spreadsheets for all jobs ASAV performed for Bloom in Ohio from January 2019 through May 2021.  ASAV shall produce these documents to Defendants within 21 days of the date of this Order, on or before **November 17, 2025**.  The Court **DENIES** without prejudice Defendants' request for discovery sanctions under Rule 37(c).

The Court **GRANTS** in part Defendants' request to extend expert discovery deadlines, as follows: Deadline for parties without burden of proof on claim or defense to disclose rebuttal expert report(s): **December 22, 2025**; Deadline to complete expert discovery: **January 26, 2026**. The Court **DENIES** Defendants' request to extend the deadline for filing dispositive motions. Absent extraordinary circumstances, no further requests for the extension of deadlines will be granted in this case.

Dated: October 27, 2025

*/s/ Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE