IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| AMERICAN SECURITY & AUDIO VIDEO SYSTEMS, INC., et al.. <br><br> Plaintiffs, <br><br> vs. <br><br> PREP TMT, LLC,, et al., <br><br> Defendants. | CASE NO. 5:22-cv-00558-AMK <br><br> MAGISTRATE JUDGE AMANDA M. KNAPP <br><br> **ORDER** |

Before the Court is the parties' Joint Motion for Leave to Seal Confidential Materials (ECF Doc. 76.) The parties seek leave to "to file under seal those deposition exhibits (or any portions thereof), any portions of depositions transcripts, and other discovery materials (or any portions thereof) that have been designated by the parties as confidential and subject to the Stipulated Protective Order." (*Id*., p. 1.) They identify the documents as generally including "those documents that ASAV in this case claims include trade secrets, its financial information, and other confidential information." (*Id*.)

Local Rule 5.2 provides that "[n]o document will be accepted for filing under seal unless a statute, court rule, or prior court order authorizes the filing of sealed documents." In deciding whether an exhibit may be filed under seal, there is a "strong presumption in favor of openness" that "is only overcome if a party 'can show a compelling reason why certain documents or portions thereof should be sealed, [and] the seal itself [is] narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.,* 927 F.3d 919, 939 (6th Cir. 2019) (citations omitted). "[T]he existence of a protective order [is] an insufficient basis for filing under seal."

1

*Blasi v. United Debt Servs., LLC*, No. 2:14-CV-83, 2016 WL 3765539, at *1 (S.D. Ohio July 14, 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016).  A party seeking to seal records bears the burden of justifying non-disclosure of the records, but the Court is required to set forth "specific findings and conclusions . . . independent of whether anyone objects to it."  *Shane Grp.*, 825 F.3d, 305-06.

Here, the parties indicate that the documents they seek to file under seal are subject to the Parties' Stipulated Protective Order. (ECF Doc. 51.)  However, the documents designated "Confidential" under to that Order are not automatically entitled to secrecy in the adjudication process.  The existence of a protective order is not a basis for filing under seal.  *See Blasi*, 2016 WL 3765539, at *1.  The parties' request is not specific enough to enable this Court to discern whether a compelling reason exists to permit filing of any document under seal.  Accordingly, within 14 days, the parties shall file a supplement in support of their motion to seal, setting forth clear and specific justifications for sealing each document they seek to file under seal.

The parties are reminded that given the strong presumption of openness in court proceedings that requests to seal shall be narrowly tailored and supported by compelling reasons.

  IT IS SO ORDERED.


Dated: December 15, 2025

                                                  */s/ Amanda M. Knapp*
                                               AMANDA M. KNAPP
                                               UNITED STATES MAGISTRATE JUDGE